UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 10-CR-0324(3) (PJS/JSM) |
| Plaintiff, | |
| v. | ORDER |
| KONATA JELANI HILL, | |
| Defendant. | |

Andrew R. Winter, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Lee R. Johnson, JOHNSON & GREENBERG PLLP, for defendant.

Defendant Konata Jelani Hill is serving a 120-month sentence after pleading guilty to conspiring to distribute cocaine and cocaine base. This matter is before the Court on Hill's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons that follow, Hill's motion is denied.

Under § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" The Sentencing Commission has issued U.S.S.G. § 1B1.13, a policy statement that governs motions under § 3582(c)(1)(A). Section 1B1.13 was issued when the Bureau of Prisons had the sole authority to bring

motions for release under § 3582(c)(1)(A).  Unfortunately, § 1B1.13 has not been updated to reflect that, as a result of the 2018 First Step Act, defendants now have the ability to bring such motions directly.

This anomaly has given rise to a debate concerning whether and to what extent § 1B1.13 applies to motions filed by defendants, with several circuits recently holding that § 1B1.13 applies only to motions filed by the Bureau of Prisons, and not to motions filed by defendants on their own behalf.  *See United States v. McCoy*, 981 F.3d 271, 280–84 (4th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1108–11 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020).  The Eighth Circuit has not yet addressed this issue.  In the absence of clarification from the Eighth Circuit, the Court will treat § 1B1.13 as providing useful guidance about how the Court should exercise its discretion under § 3582(c)(1)(A), but the Court will not treat its provisions as binding.

In arguing that "extraordinary and compelling reasons" justify his release under § 3582(c)(1)(A)(i), Hill points to four things:  his health, his rehabilitation, the COVID-19 outbreak at FCI Sandstone, and the proximity to his release date.

Hill's only health concern is childhood asthma.  Hill concedes that he "cannot claim he suffers from moderate to severe asthma" but maintains that his childhood asthma increases the risk of severe illness from COVID-19.  ECF No. 266 at 16.  To

substantiate this claim, Hill argues that even though his childhood asthma long ago disappeared, "the tendency towards asthma is still there." *Id.* at 17.  But Hill's medical records confirm that he has had no issues with asthma in the past 30 years.  *See* ECF No. 267, Exs. 7, 8.  The fact that Hill suffered from childhood asthma decades ago is not an extraordinary and compelling reason justifying his release.  *See* § 1B1.13, cmt. n.1(A)(ii) (noting a medical condition must "substantially diminish[] the ability of the defendant to provide self-care" in order to justify a sentence reduction); *Porter-Eley v. United States*, No. 4:16-cr-89, 2020 WL 3803030, at *3 (E.D. Va. July 6, 2020) (denying release when defendant had childhood asthma that was now under control), *appeal docketed*, No. 20-7081 (4th Cir. July 23, 2020); *United States v. Santiago*, No. 2:16-CR-174-JVB-JEM, 2020 WL 3396899, at *2–3 (N.D. Ind. June 19, 2020) (declining to consider childhood asthma as a medical condition warranting release when defendant stated he was "no longer affected by it"); *United States v. Belle*, 457 F. Supp. 3d 134, 139–40 (D. Conn. 2020) (denying release when defendant had "not suffered 'an asthma exacerbation in years'").

Hill next argues that his rehabilitation supports his release.  The Court recognized at sentencing that Hill had "done a great job turning [his] life around."  ECF No. 256 at 12:23–24.  Hill's progress has continued while in prison, where he has completed educational courses and drug-abuse programming.  The Court once again

commends Hill for his serious commitment to improving his life. But the law is clear that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t); *see also United States v. Fine*, No. 19-3485, 2020 WL 7266228, at *2 (8th Cir. Dec. 11, 2020).

Hill points to the COVID-19 outbreak at FCI Sandstone as an additional factor justifying his release. As of this writing, 89 inmates at FCI Sandstone—10% of the inmate population—and 17 staff have COVID-19.[1] Those numbers are not great, but Hill does not suffer from any conditions that put him at heightened risk from the outbreak. Hill's general concern about the outbreak at FCI Sandstone, though understandable, "applies to literally every person who is now incarcerated" at the facility and provides no basis for his release. *United States v. Doss*, No. 15-CR-0106(4) (PJS/SER), 2020 WL 6503404, at *1 (D. Minn. Nov. 5, 2020); *see also United States v. Wright*, No. 17-cr-0301 (WMW/DTS), 2020 WL 7334412, at *5 (D. Minn. Dec. 14, 2020) ("'The mere presence of COVID-19 in a particular prison cannot justify compassionate release—if it could, every inmate in that prison could obtain release.'" (citation omitted)). In addition, other courts have recently denied motions for compassionate release based on the outbreak at FCI Sandstone where—as is the case here—the

---

[1]Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/index.jsp (last visited Dec. 29, 2020); Federal Bureau of Prisons, *FCI Sandstone*, https://www.bop.gov/locations/institutions/sst/ (last visited Dec. 29, 2020) (stating that there are 858 inmates).

defendant's health concerns were being properly managed. *See United States v. Pfeiffer*, No. 07-244 (DWF), 2020 WL 7425267 (D. Minn. Dec. 18, 2020) (denying motion for release despite 229 active COVID-19 cases at FCI Sandstone because the defendant's health issues were fully managed); *United States v. Chavez-Cruz*, No. 4:14-CR-40021-01-KES, 2020 WL 7390493, at *4 (D.S.D. Dec. 16, 2020) (denying motion for release despite 239 cases because the defendant's health conditions "are appropriately managed at FCI Sandstone, [and] the facility is engaged in strenuous efforts to protect inmates against the spread of COVID-19").

Finally, Hill argues that he has served the vast majority of his sentence and he will soon be eligible for home confinement. Hill cites *United States v. Rivera*, 466 F. Supp. 3d 310 (D. Conn. 2020), and *United States v. Rodriguez*, 451 F. Supp. 3d 392 (E.D. Pa. 2020), as two cases in which courts cited proximity to release date as a factor supporting a sentence reduction. In both *Rivera* and *Rodriguez*, however, the defendants had serious health conditions that made them vulnerable to COVID-19. Hill does not. That Hill has served most of his sentence, without more, does not justify compassionate release under § 3582(c)(1)(A).

Because Hill has not demonstrated an "extraordinary and compelling reason[]" justifying his release—whether his arguments are considered individually or together—his motion is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT defendant's motion for release [ECF No. 266] is DENIED.

Dated:  December 29, 2020              s/Patrick J. Schiltz
                                                                Patrick J. Schiltz
                                                                United States District Judge